**DART DRUG CORPORATION et al.,**
Plaintiffs,

v.

**PARKE, DAVIS & COMPANY,**
Defendants.

Civ. A. No. 128-62.

United States District Court
District of Columbia.
Sept. 27, 1963.

Frederick T. M. Crowley, Washington, D. C., for plaintiffs.

Roberts B. Owen, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

This is an action for triple damages under the Sherman Act. It is before the Court at this time on cross-motions for summary judgment, both sides conceding that there are no material issues of fact and that only a question of law is presented. The action arises out of a refusal by a manufacturer of drugs and similar commodities to sell to a particular retail dealer who resells to consumers at prices considerably lower than the manufacturer's list prices. The retailer sues for triple damages, claiming that the action of the defendant manufacturer is a violation of Section 1 of the Sherman Act.

At common law any manufacturer or trader had a right to deal or refuse to deal with anyone that he chose, unless indeed he was engaged in a public calling; but even at common law he could not combine with others or enter into an agreement with others not to sell to a particular individual. These views were developed in a very scholarly way and very thoroughly by Judge Taft, as Circuit Judge, in the celebrated Addyston Pipe case,[1] which is a classic in the law of restraints of trade.

Section 1 of the Sherman Act condemns contracts, combinations and conspiracies in restraint of trade. There are those who have doubted whether the Sherman Act, in Section 1, has added anything to substantive law. It does provide additional remedies that did not exist at common law.

This brings us to a consideration of the specific issue presented in this case. The plaintiff, Dart Drug Corporation, owns and operates a number of retail drug stores. It sells various products of that type at prices below the manufacturers' list prices. One of these manufacturers is Parke, Davis & Company, the defendant in this action. In 1956, Parke, Davis & Company declined to make any further sales to the plaintiff and induced various wholesale dealers to do likewise. The Government brought a civil action for an injunction under the Sherman Act. The Supreme Court sustained the position of the Government, United States v. Parke, Davis & Co., 362 U.S. 29, 80 S.Ct. 503, 4 L.Ed.2d 505.

It called attention to the fact, however, that it had been held, in United States v. Colgate & Co., 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992, that the Sherman Act does not prevent a manufacturer engaged in a private business from refusing to deal with persons who in reselling the merchandise decline to conform to prices fixed by him. The doctrine of the Colgate case has been subjected to numerous limitations and qualifications over the years. In the Parke, Davis case, 362 U.S. 29, 80 S.Ct. 503, 4 L.Ed.2d 505, the Court held that the doctrine of the Colgate case did not apply to a situation where the manufacturer combined with wholesalers, or anyone else, presumably, to refuse to deal with a particular retailer. Such an action constituted a contract or combination or conspiracy in restraint of trade. It was pointed out, however, by the Supreme Court in the Parke, Davis, case, at page 43 of 362 U.S., at page 511 of 80 S.Ct., 4 L.Ed.2d 505, that the Colgate doctrine still applied, despite all its limitations and restrictions, to a simple refusal to sell to a customer who will not resell at prices suggested by the seller and that this is permissible under

1. United States v. Addyston Pipe & Steel Co., 6 Cir., 85 F. 271.

the Sherman Act. It is a natural inference from that statement that a simple refusal to sell to an individual customer for any purpose or for any reason is permissible, provided there is no attempt to induce others to follow that course.

On December 12th, 1957 the defendant wrote a letter to the plaintiff, stating that the defendant did not wish to have any further business relations with the plaintiff and that the plaintiff's account was being closed permanently effective immediately. Admittedly there was no attempt to induce wholesalers or distributors from selling Parke, Davis products to the plaintiff and admittedly it is still open to the plaintiff to buy these products from various wholesalers and distributors. To be sure, as a matter of business practice the plaintiff would have to pay a larger price to wholesalers than it would to the manufacturer, since the middleman necessarily makes a profit. The Court enquired of counsel for the plaintiff whether there was any claim here that there was any concerted action subsequent to December 12, 1957, or in conjunction with the action of that date. With commendable candor plaintiff's counsel answered in the negative.

Thus we have in this action a simple refusal on the part of a manufacturer to sell his goods to a specific retailer. No effort is being made by the manufacturer to cut off other sources of supply to the retailer. The Court is of the opinion, in the light of the opinion of the Supreme Court in the Parke, Davis case, to which reference has been made, as well as the Colgate case, that the action taken by the defendant does not constitute any violation of law.

It is argued by counsel for the plaintiff, however, because it had been adjudged that prior to 1957 the defendant was guilty of entering into a combination in restraint of trade not to deal with the plaintiff, that therefore the unilateral action complained of in this suit, even though it was not taken in concert with anyone else, must be deemed to have been a product of the original combination and therefore subject to the same condemnation. The Court disagrees. The mere fact that a person has violated the law on one occasion is no proof that some later action of his which on its face is not a violation of law, must be tainted with the illegality of the prior act.

In view of these considerations the Court reaches the conclusion that the plaintiff has not established an action for triple damages and therefore the defendant's motion for summary judgment will be granted and the plaintiff's motion for summary judgment denied.

Counsel may submit an order in accordance with this decision.